IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS SLIWINSKI, | CV 25-51-H-DWM |
| Plaintiff, | |
| vs. | ORDER |
| LEAH COMEAU RHODES, | |
| Defendant. | |

Plaintiff Thomas Sliwinski filed a Complaint alleging violations of his constitutional rights. (Doc. 2 at 1.) The Complaint is dismissed.

# I. STATEMENT OF THE CASE

## A.   Parties

Sliwinski is a Montana state inmate proceeding pro se and in forma pauperis. He names his ex-wife, Leah Comeau Rhodes, as the sole defendant. (Doc. 2 at 1.)

## B. Allegations

Sliwinski asserts five claims against Defendant Rhodes: invasion of privacy, intentional infliction of emotional distress, violations of the Montana Anti-Intimidation Act, stalking, and violations of the First Amendment to the U.S. Constitution. (Doc. 2 at 2.) The ten pages of details related to these claims are unnecessary to recite here. Suffice it to say, the parties had an acrimonious divorce,

1

and Sliwinski accuses the defendant of all kinds of abusive behavior towards him, including malicious verbal and online attacks, threats, and lies.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A. Screening standard

Sliwinski is a prisoner proceeding pro se, so his Complaint must be screened under 28 U.S.C. §§ 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed by a prisoner if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

Sliwinski identifies his bases for jurisdiction in this Court as 28 U.S.C. § 1331, the First Amendment, "Constitutional Law 971", and 18 U.S.C. § 2261. (Doc. 2 at 1.) Of these, only the First Amendment would, in theory, provide this Court with jurisdiction over Sliwinski's claims. In fact, Sliwinski has not identified any source of jurisdiction in this Court over his claim.

Federal courts are courts of limited jurisdiction, and "the presumption is that (we are) without jurisdiction unless the contrary affirmatively appears." *People of State of Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Van v. LLR, Inc.*, 61 F.4th 1053, 1064–65 (9th Cir. 2023) (citation omitted.) The Court has an independent obligation to assess its own jurisdiction. *Herklotz v. Parkinson*, 848 F.3d 894, 897 (9th Cir. 2017).

1. 28 U.S.C. § 1331

Because the parties in this case are non-diverse (both residents of Montana), and the amount in controversy does not exceed $75,000, Sliwinski's only path into this Court is federal question jurisdiction, 28 U.S.C. §§ 1331, which is cited by Sliwinski. (Doc. 2 at 1.) Under 28 U.S.C. § 1331, federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[A] case can 'arise under' federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (alteration omitted). First and "[m]ost directly, a case arises under federal law when federal law creates the cause of action asserted." *Id., citing Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). The only federal law cited by Sliwinski is the First Amendment, which is discussed independently below. The Court does not have federal question jurisdiction over Sliwinski's state law claims of invasion of privacy, intentional infliction of emotional distress, violations of the Montana Anti-Intimidation Act, and stalking.

Alternatively, even where a claim finds its origins in state rather than federal law, § 1331 "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Negrete v. City of Oakland*, 46 F.4th 811, 816–17 (9th Cir. 2022).

Jurisdiction is proper "[w]here all four of these requirements are met," because in such a case, "there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.*, at 818. The specific claims asserted by Sliwinski are claims that are either Montana statutory claims, under the Montana Anti-Intimidation Act and stalking statutes, or are Montana torts with their own well-developed bodies of state law. There is no manner in which these types of claims between two private parties could pose a federal question that meets the four elements outlined above.

2. First Amendment

The only federal law cited by Sliwinski is the First Amendment. The First Amendment is not, itself, a grant of jurisdiction, but rather, must be pursued through the Court's federal question jurisdiction, via 42 U.S.C. § 1983. As relevant here, 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State […], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[..]

Therefore, a claim under § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3)

by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted). Sliwinski's Complaint here fails this test, as he asserts claims only against a private actor.

A defendant acts under color of state law when he or she has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotations omitted). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Sliwinski has alleged nothing that would show Defendant Rhodes' actions are "fairly attributable to the state." Their conflict is between two individual private parties.

In addition, Sliwinski fails, factually, to state a claim for a violation of his First Amendment rights. A private person cannot violate the First Amendment rights of another individual, because the Amendment is directed at the government: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble,

and to petition the Government for a redress of grievances." U.S. Const. amend. 1." Also, Sliwinski's claim that Rhodes violated his rights because her actions have disrupted his ability to "live in peace" is not a cognizable First Amendment claim. (Doc. 2 at 10.)

3. Constitutional Law 971

Constitutional Law 971 is not a statute, a constitutional provision, or any other basis in this Court for jurisdiction over Sliwinski's claims.

4. 18 U.S.C. § 2261

Sliwinski alleges that his claims arise under 18 U.S.C. § 2261, which is a federal crime for interstate domestic violence. A civil complaint cannot state a claim for violation of a criminal statute. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Further, federal criminal law can be enforced only by a federal prosecutor, not by any private party. Sliwinski's citation of this statute does not provide him with a right of action in this Court.

5. Supplemental Jurisdiction

28 U.S.C. § 1367 provides a federal court "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." This would be the only mechanism by which Sliwinski's state law claims

could be heard. However, given that Sliwinski fails to state a claim for federal relief, no supplemental jurisdiction lies.

### III. CONCLUSION

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact ánd dismissing the cause.'"). The Court must construe a pro se litigant's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), but may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F. 3d 1204, 1208 (9th Cir. 2017). The Court has screened Sliwinski's Complaint and determined that the Court is without jurisdiction to hear it, and, to the extent Sliwinski may have jurisdiction on a First Amendment claim, he fails to state a claim. Sliwinski could not amend it to create jurisdiction or to state a First Amendment claim against a private individual. The Complaint is dismissed.

Accordingly, it is HEREBY ORDERED:

1.  Sliwinski's Complaint is DISMISSED. The Clerk of Court is directed

to enter judgment in this matter according to Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

3. The Clerk of Court shall have the docket reflect that the filing of this lawsuit counts as a strike against Sliwinski within the meaning of 28 U.S.C. 1915.

DATED this 19th day of August, 2025.

_____
Donald. W. Molloy, District Judge
United States District Court